UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARK A. MILLER**　　　　　　　　　　　　　　　　**CIVIL ACTION**

**versus**　　　　　　　　　　　　　　　　　　　　　**NO. 14-1599**

**SETH SMITH**　　　　　　　　　　　　　　　　　　**SECTION: "F" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that these proceedings be **STAYED**.

On April 18, 2011, petitioner, Mark A. Miller, pleaded guilty under Louisiana law to two counts of indecent behavior with a juvenile and was sentenced on each count to a concurrent sentence of twelve years imprisonment with the first two years of the sentence to be served without

benefit of parole, probation, or suspension of sentence.[1]  On October 16, 2012, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences.[2]  His related writ application was then denied by the Louisiana Supreme Court on May 31, 2013.[3]

On July 7, 2014, petitioner filed the instant federal *habeas corpus* petition[4] and a motion to stay these proceedings pending exhaustion of his claims in the state courts.[5]  The state filed a response stating that the stay should be denied and the petition dismissed,[6] and petitioner filed a reply to the state's response.[7]

As a preliminary matter, the Court notes that the state argues that the instant petition is untimely.  For the following reasons, the state is incorrect.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[1] State Rec., Vol. I of I, transcript of April 18, 2011; State Rec., Vol. I of I, minute entry dated April 18, 2011; State Rec., Vol. I of I, plea form and order dated April 18, 2011.

[2] State v. Miller, 102 So.3d 956 (La. App. 5th Cir. 2012); State Rec., Vol. I of I.

[3] State v. Miller, 118 So.3d 388 (La. 2013); State Rec., Vol. I of I.  While the direct review proceedings were ongoing, petitioner filed an application for post-conviction relief with the state district court on March 5, 2012, and that application was denied on March 26, 2012. State Rec., Vol. I of I.

[4] Rec. Doc. 1.

[5] Rec. Doc. 2.

[6] Rec. Doc. 7.

[7] Rec. Doc. 8.

underlying criminal judgment became "final."[8] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008). Here, the Louisiana Supreme Court denied relief on direct review on May 31, 2013.[9] Accordingly, petitioner's state criminal judgment became final for AEDPA purposes ninety days later on August 29, 2013, and his federal limitations period did not expire until one year later on August 29, 2014. Because his federal application was filed on July 7, 2014,[10] it was timely filed.

The state next argues that petitioner has not exhausted his remedies in the state courts. Petitioner acknowledges as much; that is the very reason he filed a motion to stay asking that this matter be held in abeyance as he pursues post-conviction relief in the state courts. Moreover,

---

[8] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[9] State v. Miller, 118 So.3d 388 (La. 2013); State Rec., Vol. I of I.

[10] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his application in the prison mailing system on July 7, 2014. See Rec. Doc. 1, p. 15.

the United States Supreme Court has expressly sanctioned the filing of protective federal *habeas corpus* petitions and accompanying motions to stay. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court held that it is sometimes appropriate for a federal district court to stay federal *habeas corpus* proceedings in order to allow a petitioner to present his unexhausted claims in state court. In reaching that decision, the Court held:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Cf. Duncan [v. Walker, 533 U.S. 167, 180 (2001)] ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
> Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ... is in obtaining speedy federal relief on his claims," [Rose v. Lundy, 455 U.S. 509, 520 (1982)] (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, *e.g.*, [Zarvela v. Artuz, 254 F.3d 374, 381 (2nd Cir. 2001)] ("[District courts] should explicitly condition the stay on the prisoner's

> pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.
>
> *On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See Lundy, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.*

Rhines, 544 U.S. at 277-78 (emphasis added).

In the instant case, petitioner seemingly presents a mixed petition, asserting a double jeopardy claim (which was apparently exhausted on direct review) and ineffective assistance of counsel claims (which are apparently currently pending before the state courts in his post-conviction proceedings). His federal application is timely, his claims are at least "potentially meritorious,"[11]

---

[11] The state posits that petitioner will be denied relief in the pending state post-conviction proceedings because his new application is a repetitive and successive application under La. Code Crim. P. 930.4. However, petitioner's first post-conviction application was improperly filed and considered by the state courts because his case was still on direct review. See La. Code Crim. P. art. 924.1 ("An application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending."); State v. Francis, 597 So.2d 55, 60 (La. App. 1st Cir. 1992) ("Once an order of appeal is entered, the jurisdiction of the trial court over the case is limited to those actions specified in article 916 of the Louisiana Code of Criminal Procedure. The article does not allow the trial court to entertain an application for post-conviction relief while an appeal is pending. See also La.C.Cr.P. art. 924.1. Once the order of appeal was entered in the instant case, it was inappropriate for the trial court to entertain defendant's application for post-conviction relief during the pendency of this appeal. The trial court had no jurisdiction, and its actions concerning the application are a nullity."). Further, on September 26, 2014, the state district court apparently denied relief with respect to his new post-conviction application without invoking article 930.4. State Rec., Vol. I of I. In light of these

there is no evidence that he has engaged in intentionally dilatory litigation tactics, and he has shown good cause for his failure to exhaust his claims in a more timely manner.[12] Therefore, in the interests of justice, this matter should be stayed pending resolution of petitioner's claims in the state courts.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's motion to stay these proceedings, Rec. Doc. 2, be **GRANTED** and that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes. **IT IS FURTHER RECOMMENDED** that the Court retain jurisdiction in this matter and that petitioner be allowed to file a motion to reopen these proceedings **within thirty (30) days** after he has exhausted his remedies in the state courts.

---

considerations, this Court simply cannot say with certainty that the state's higher courts will ultimately deny relief on the ground that his new post-conviction application is a repetitive and successive application.

The state also opines that petitioner's claims have no merit because he waived all nonjurisdictional defects in his criminal proceedings by pleading guilty. However, on direct appeal, the Louisiana Fifth Circuit Court of Appeal obviously did not find that he had necessarily waived his ineffective assistance claims, because it held that the claims could not be decided on the record (which, of course, could have been done if they were waived as a matter of law by the entry of his plea) and, therefore, would need to be pursued in post-conviction proceedings. State v. Miller, 102 So.3d 956, 960-61 (La. App. 5th Cir. 2012); State Rec., Vol. I of I. In that the state courts did not consider the claims patently meritless, the undersigned declines to accept the state's contention and, instead, recommends that petitioner be allowed to continue his attempts to pursue the claims in the state courts and obtain a ruling there before this Court addresses them.

[12]   For example, petitioner alleges that has encountered numerous obstacles in his efforts to seek relief, including but not limited the following: he suffers from mental and emotional disorders; his parents hired a post-conviction attorney who failed to perform adequately; the inmate counsel who was assisting him was released; after the state court finally appointed post-conviction counsel for him, that attorney's employment contract with the Public Defender expired; and confusion then reigned as to who would be representing him thereafter. While perhaps no one of those obstacles alone would constitute good cause, the undersigned finds that their cumulative effect sufficiently explains why petitioner was unable to exhaust his state court remedies more quickly and, therefore, felt the need to file a protective federal petition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[13]

New Orleans, Louisiana, this fifteenth day of December, 2014.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.